JAMES WAKEFIELD v. THE STATE.

1. SEPARATION OF JURY IN FELONY CASES.—That a juror separated from the others, without permission of the court, and unaccompanied by an officer, is not of itself sufficient grounds for new trial, it not appearing that such separation had any effect on the fairness of the trial.
2. THEFT FROM A HOUSE, when by a domestic or other inhabitant of the house, is punishable as simple theft. See evidence rendering a charge on simple theft unnecessary.
3. See facts constituting the offense of theft from a house.

APPEAL from Bexar. Tried below before the Hon. J. A. Ware.

No brief for appellant.

George Clark, Attorney General, for the State.

REEVES, ASSOCIATE JUSTICE.—One of the grounds of the motion for a new trial in this case is that a member of the

jury separated from his fellows during their deliberations, unaccompanied by an officer. The code provides that " after a jury has been sworn and impaneled to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the District Attorney and the defendant, and in charge of an officer." (Art. 3070.) It is not pretended that the juror conversed with any person in regard to the case, or that the defendant has not received a fair and impartial trial because of any misconduct of the jury. The juror may have been guilty of misconduct, but it is not shown that it has had any influence on the fairness of the trial, and that the discretion of the court was not properly exercised in overruling that ground of the motion. (Jack *v.* The State, 26 Tex., 4 ; Johnson *v.* The State, 27 Tex., 770, and Jenkins *v.* The State, decided at Austin during the last term, not published.)

Another ground of the motion for a new trial is that the verdict of the jury is contrary to the law and the evidence. The court charged the jury that they could not convict the defendant, if it was proved to their satisfaction that he was, at the time of the theft, an inmate of the house, with the right of entering the same as such inmate. They were further instructed, if they found the defendant guilty, to assess his punishment at confinement in the penitentiary for a term of years not less than two nor more than seven, that being the punishment for theft from a house, when the punishment does not come within the definition of burglary. The jury found the defendant guilty as charged in the indictment, and in effect that he was not an inmate of the house at the time of the theft, and assessed his punishment at three years' confinement in the penitentiary. The code provides that " an entry into a house for the purpose of committing theft, unless the same is effected by actual breaking, is not burglary, when the same is done by a domestic servant or other inhabitant of such house; and a

theft committed by such person, after entering a house, is only punishable as a simple theft." (Art 2372, Pas. Dig.)

"Domestics," as defined by Bouvier, in his Law Dictionary, are "those who reside in the same house with the master they serve: the term does not extend to workmen and laborers employed out of doors." By Webster, a domestic is " a servant or hired laborer residing with a family," and he defines an inhabitant to be " one who has a fixed residence, as distinguished from an occasional lodger or visitor." The code combines these terms, and the article quoted speaks of " a domestic servant or other inhabitant of such house." These terms, then, do not extend to a servant whose employment is out of doors and not in the house, or to a lodger or visitor, as distinguished from an inhabitant, and they do not therefore come within the classification of a domestic servant or an inhabitant of the house. Theft from a house, when committed by a domestic servant or an inhabitant of the house, after entering the same without actual breaking, is excepted out of the definition of burglary, and is only punishable as simple theft. The charge of the court was as favorable to the defendant as he had any right to expect under the evidence. The punishment of theft of property of the value of twenty dollars or over is not less than two years nor more than ten, a greater penalty than the jury could have assessed under the charge of the court. The punishment of simple theft was not applicable to the case under the evidence. The evidence supports the verdict of the jury, finding in effect that the defendant was not a domestic servant or an inhabitant of the house. It appears from the evidence that the defendant, at the time the theft was committed, was in the service of Major Hart, a guest of the house, and that defendant had access to the house for the purpose of getting the key to Major Hart's mess chest. It was not necessary that the jury should have been instructed as to the punishment of simple theft upon the facts of the case.

The case referred to in the brief of the Attorney General, and which we are asked to reconsider, is not before us, and cannot now be examined. There is, however, nothing in the facts of this case that would bring it within the rule laid down in the case referred to.

No defects in the indictment have been pointed out, and we see none in support of the assignment that the indictment is insufficient to support a conviction. We find no error in the charge of the court to the prejudice of the defendant; and believing that the verdict is responsive to the charge, and supported by the evidence and the law applicable to the case, the judgment is affirmed.

AFFIRMED.