## BOB RICHARDSON v. THE STATE.

THEFT FROM A HOUSE—DOMESTIC SERVANT.—A party hired for one day "to butcher and cut up beef" is not a domestic servant within the meaning of the code, and theft from the shop committed by him of his employer's property pending such employment is theft from a house under the law.

APPEAL from Red River. Tried below before the Hon. John C. Easton.

*Clark & Todd,* for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—The conviction of appellant on a charge of theft from a house is sought to be reversed. The overruling of defendant's exception to four jurors summoned to supply a deficiency in the regular panel, the errors in the charge as given to the jury, and the refusal to give the instructions asked, and in overruling motion for a new trial, and in arrest of judgment, are assigned as the grounds for a reversal. The absence of four jurors from the regular venire for the week rendered the summoning of others to supply their places necessary. The court therefore did not err in overruling exceptions to the summoning and service as jurors of the four thus summoned. The objection to the charge of the court, when taken in connection with the evidence, fails as a substantial complaint. The defendant was charged with theft from a house. The evidence was that he had been hired for one day by the person from whom the money was charged to have been stolen "to butcher and cut up beef;" that while defendant was at work in the butcher shop the proprietor took off and hung up his coat, containing fifty dollars in the pocket, defendant being present; the coat was hung up in a room adjoining the butcher's shop, and no one else

it was shown could have been in that room during the evening but the proprietor and defendant. The defendant was seen in that room and about it during the evening. The accused was sent out in the afternoon to obtain change for a two-dollar bill, and was absent two or three hours; the money was missed that evening, and the ten-dollar bill, marked and described, and charged in the indictment to have been stolen, was recognized the next day by the keeper of a drinking saloon, and the possession traced to defendant. There was no evidence tending to weaken the conviction on the mind that the accused had stolen the property as charged in the indictment. The charge of the court was clear and correct, and the refusal of the court to charge the jury that if defendant was a domestic servant of the proprietor of the butchering establishment or an inhabitant of the house, or if the jury found the property stolen to be of less value than twenty dollars, the conviction for theft from a house could not be sustained, was not error, the instructions asked being inapplicable to the case. The evidence showed that defendant was, in the meaning of the code, neither a domestic servant nor an inhabitant. The proprietor did not even sleep there. Appellant was not hired as a house servant or even as an out-door worker having a general access to the premises; he was hired as a skilled laborer to butcher and cut up beef; his employment from first to last was limited to a hiring for one day, with no right to lodge or board on the premises. There being nothing to show that he was a domestic or inhabitant, the instruction as to the value of the property stolen was unnecessary. The grounds in the motion in arrest of judgment are, that the indictment failed to charge a felony, and if any offense was legally charged, then the offense was simple theft. The indictment charges theft from a house, and has all the requisites of a valid indictment.

There being no error in the judgment, it is affirmed.

AFFIRMED.