JULIA COLEMAN v. THE STATE.

1. ACCOMPLICE—EVIDENCE.—The rule forbidding a conviction on the testimony of an accomplice, unless corroborated "by other testimony tending to connect the defendant with the offense committed," is, under the statute, positive and peremptory.

2. DOMESTIC—THEFT.—A servant hired to wash clothes for one day and to iron clothes on the next, from the nature of the employment was a domestic servant, and when on trial for theft from the house in which she was so employed, it was error to refuse an instruction asked as to the mitigation of punishment in favor of a domestic.

APPEAL from Red River. Tried below before the Hon. James Q. Chenoweth, Judge of the Criminal Court of the city of Clarksville.

Julia Coleman, Jake Mitchell, and Emily Williams were jointly indicted for the theft of a pocket-book, containing money and notes, the property of and from the house of J. H. Masterson. The defendants, Coleman and Williams, were arrested, and asking a severance, Julia Coleman was put upon trial. Emily Williams was examined as a witness for the State, and upon her testimony it was shown that she and defendant had been washing and ironing at Masterson's, and on the second day of such employment witness, at request of defendant, had taken the pocket-book,

which had money, as described in the indictment, and notes in it; that witness delivered the pocket-book to defendant; that on their way home Jake Mitchell joined them ; that they had burned the notes at a log fire on their way home; that defendant kept all the money and gave witness the empty pocket-book, having offered her some of the money ; that she concealed the pocket-book.

Masterson and others testified to Jake Mitchell's confessions that the defendant, who was his mother, had the money; that Jake Mitchell had showed where the money was buried in the house of defendant; that all the money but some nickels had been found where Jake Mitchell told them the money was concealed. The notes were never found. It was in evidence that defendant and Emily Williams had been engaged at work in the room from which the pocket-book was taken.

Counsel moved to exclude the testimony of the witness Williams, because not corroborated by evidence connecting defendant with the theft.

The court was asked to instruct the jury on the mitigation of the punishment when committed by a domestic, which was refused, "because there was no testimony to warrant it."

Defendant was convicted, and her punishment fixed at two years in the penitentiary. Motion for new trial was overruled, and she appealed.

*W. J. Swain* and *S. A. Sims*, for appellant, cited Paschal's Dig., arts. 2381, 3118, 3126; 1 Greenl. Ev., secs. 31, 214, 219, 233, 280; 1 Phil. Ev., p. 313; 2 Stark. Ev., secs. 25 to 31 ; Draper *v.* State, 22 Tex., 400 ; Lopez *v.* State, 34 Tex., 133 ; Hightower *v.* State, 22 Tex., 605 ; Ake *v.* State, 31 Tex., 416.

*A. J. Peeler, Assistant Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—It is not enough that the

evidence of an accomplice be corroborated by other testimony as to one of several parties charged with the offense; the confirmation should be "on some fact which goes to fix the guilt on the particular person" on trial. (Rex *v.* Wilkes, 7 Car. & P., 272; Rosc. Cr. Ev., p. —; Paschal's Dig., art. 3118; Arch. Cr. Prac. and Pl., p. 154; People *v.* Davis, 21 Wend., 313.)

That the purse was found where the accomplice said it was concealed "does not affect the prisoner more than any one else." (7 Car. & P., *supra.*)

That another defendant disclosed that the stolen money was concealed on premises where he and Julia Coleman both lived, is a fact which may show the guilt of the party making the disclosure, but does not of itself tend to show the guilty knowledge of the co-occupant of the premises, though that person be his mother. It does not appear that Julia Coleman either knew or had opportunity of knowing that the money was buried where it was. It does appear that Jake Mitchell, who made the disclosure, had such knowledge, and that sufficiently accounts for the fact. Had the property been found on defendant's premises without the aid of Jake Mitchell, the case would be quite different from that presented in the record.

The rule of law forbidding a conviction on the testimony of an accomplice, unless corroborated "by other testimony tending to connect the defendant with the offense committed," is under the statute positive and peremptory. (Paschal's Dig., art. 3118.) However much a jury may be disposed to credit the accomplice the defendant cannot legally be convicted unless the evidence of the accomplice be confirmed in some material matter tending to show the defendant's guilt. To allow convictions to stand where the corroboration is only in immaterial matters, or in matters affecting other parties and not the party on trial, would be to violate both the letter and spirit of the statute and to disregard these precautionary rules which experienced and

wise jurists have deemed it necessary to adopt in order to guard against erroneous convictions based on evidence unreliable because coming from a corrupt source. (1 Greenl., sec. 381, note.)

In this case neither the owner of the property alleged to have been stolen nor any one else save the accomplice proves that anything was stolen. It does not, however, become necessary to consider the effect of this failure.

The court erred also in refusing to submit to the jury the question whether defendant was a domestic servant in the house from which the theft was charged to have been committed. (Paschal's Dig., art. 2372.)

The evidence is that defendant had been employed on the next preceding day to work, and on the day of the alleged offense was employed to iron, and was engaged in ironing in the house and in the very room from which the purse was taken. The nature of her employment was such as to give her free access to the house, at all events during one day, and it is believed that she might be a domestic servant within the statute, although her employment was only for one or two days.

The judgment is reversed and the cause remanded.

Reversed and remanded.

[Justice Reeves dissents as to the subject of corroboration.]