| 3  | 132 |
| 29 | 257 |

## William Gillian *v.* The State.

1. Evidence. — The establishment of every criminal charge involves proof of two distinct substantive facts: first, the *corpus delicti;* and, second, the complicity of the accused in its perpetration.

2. Proof of Identity. — At the trial of William Gillian for jail-breaking. the *corpus delicti* was proved, and that it was committed by a number of persons; but the only evidence that the accused was one of them was that of a witness who testified that one of them was a man whom the others called William Gillian. *Held,* that this testimony was admissible, but was not of itself sufficient to identify the accused as one of the perpetrators.

3. Accomplice Testimony. — Note evidence held insufficient to corroborate testimony of an accomplice relied on to implicate and identify the accused.

4. Same. — How much soever a jury may accredit the testimony of an accomplice, it will not support a conviction unless corroborated in some material matter tending to show the guilt of the accused.

APPEAL from the District Court of Hopkins. Tried below before the Hon. G. J. CLARK.

The case is fully stated in the opinion. Two years in the penitentiary was the punishment assessed.

*L. D. King*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. Davidson, the principal witness for the state, not only admits, but testifies most positively to, the fact that he was a party to the conspiracy, and one of the principal actors in breaking open the jail of Hopkins County and releasing the prisoners therefrom. This is the same crime and the same transaction for which appellant was indicted, tried, and found guilty in the lower court. Proof of the conspiracy, and the identification of the appellant as one of the conspirators and active participants, depends entirely upon the testimony of this principal state's witness, Davidson; without his evidence the prosecution has failed to substantiate the appellant's guilt or complicity with the crime. This witness being avowedly an accomplice or *particeps criminis*, the questions to be passed upon and solved are: (1) does he identify the appellant with the transaction? and, if not (2), is his testimony as to this and other matters so far conclusive and corroborated as to fix the appellant's presence and guilt, independent of his direct and positive identification?

That portion of the testimony of the witness bearing upon the first proposition as above stated is as follows:

"I saw the parties who broke it (the jail) open; they had been after me some time to assist them in breaking the jail; some of the parties were in town early in the night the jail was broken; I saw them on the streets; they told

me they were waiting for William Gillian, the defendant. Some of the parties told me to go on the prairie, by Dr. Houston's field, and I would meet the crowd there; they said I would find the defendant, William Gillian, there. I was well acquainted with John Gillian, a brother of the defendant; he was one of the crowd that broke open the jail, and he told me that Billy Gillian would be there. I went back of Dr. Houston's field, as I was directed, and when I got there I found no one. After waiting two or three hours the crowd came. I was not acquainted with the defendant, but there was a man in the crowd that was called William Gillian. * * * I helped break the door (of the jail) open myself. I cannot say, upon my oath, that William Gillian was there. * * * It was dark; there was a man present that the crowd called William Gillian.''

The rule is well settled that to establish a charge, in all criminal cases, involves the proof of two distinct propositions: first, that the act itself was done; and, second, that it was done by the person charged. In other words, there must be proof of the *corpus delicti*, and also proof of the identity of the prisoner.

As to how this proof must be made, Mr. Greenleaf says: '' It is obvious that no precise rule can be laid down, except that the evidence ought to be strong and cogent, and that innocence is presumed until the case is proved against the prisoner, in all its material circumstances, beyond any reasonable doubt.''    3 Greenl. on Ev., sec. 30.

In the case at bar the *corpus delicti* — the breaking of the jail, and the escape of the prisoners therein held — is established beyond doubt. Has the proof of the identity of the prisoner, and his participation, been as fully or sufficiently established? The witness, one of the accomplices, tells us, as we have seen, that he did not know the defendant, nor can he say that he was there; all that he knows about it is

what the conspirators said, and what some of the individuals present told him. "It was dark; there was a man present that the crowd called William Gillian." Are such statements and declarations competent and sufficient to establish the fact of identity?

Mr. Greenleaf says: "There are declarations which are admitted as original evidence, being distinguished from hearsay by their connection with the principal fact under investigation. * * * The surrounding circumstances constituting parts of the *res gestæ* may always be shown to the jury along with the principal fact; and their admissibility is determined by the judge, according to the degree of their relation to that fact, and in the exercise of his sound discretion — it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description. The principal points of attention are whether the circumstances and declarations offered in proof were contemporaneous with the main fact under consideration, and whether they were so connected with it as to illustrate its character. Thus, in the trial of Lord George Gordon for treason, the cry of the mob who accompanied the prisoner on his enterprise was received in evidence as forming part of the *res gestæ* and showing the character of the principal fact." 1 Greenl. on Ev., sec. 108.

Such proof, we apprehend, is always admissible to show the motive, purpose, intent, and character of the act; but whether such declarations are sufficient to identify the parties engaged in the transaction is another question. The only case which we have been able to find analogous to the one we are considering is a civil case — the case of *Willis* v. *Quimby*, 11 Fost. (N. H.) 487. In that case a witness, in his deposition, said: "I saw Mr. C. Willis and a man they said was J. M. Quimby together."

The defendant objected that the evidence was hearsay. The court, Bell, J., delivering the opinion, says: "The

phrase ' a man they said was J. M. Quimby ' seems to us a colloquial expression, equivalent to a man called J. M. Quimby.' It seems to us to have none of the qualities of hearsay evidence. The recital of a person as to a past transaction, when repeated by a witness, is hearsay, while what is said by persons present at a transaction, which is calculated to throw light upon and give it character, is admissible as part of the transaction. The only knowledge men generally have of the names of others is derived from the fact that they hear them so called. To have heard a man so called on one occasion may not be strong evidence, but it seems to us competent.''

Under the ruling in this case, whilst the court may not have erred in permitting the introduction of the evidence, still we cannot consent that such testimony is of itself sufficient to identify a party as one engaged with others in the perpetration of crime. It is of too common occurrence for men to assume names — and especially so when about to engage in improper or illegal conduct — and it too often happens that conspirators, during the accomplishment of their plans, call their confederates purposely by names other than those to which they are entitled, for us to sanction, as a precedent, that such declarations are of a satisfactory and conclusive character. Proof of identity, to warrant a conviction, should stand upon a surer and more certain basis.

The evidence, as is said above, is permissible as a fact or circumstance connected with the transaction, to be weighed like any other fact or circumstance in the case, in the determining from the whole evidence whether the identity is proven.

Davidson, it will be remembered, was an accomplice, and under our statute a conviction could not be had upon his testimony unless corroborated by other evidence tending to connect the defendant with the offense committed. Pasc. Dig., art. 3118. Such testimony, in our opinion, the rec-

ord fails to disclose. There is evidence going to show that the defendant was in the town that night, and that the next morning he was seen, a few miles beyond the town, traveling in company with one of the released prisoners. It is further in proof that he was arrested in an adjoining county in company with this same prisoner, and that, when arrested, he was passing under an assumed name. It is admitted that these may be, and are, suspicious facts, but still they do not corroborate the material testimony of the accomplice, to wit, that the defendant was present at the time and place, aiding, assisting, and participating in breaking open the jail and rescuing the prisoners. *Wright* v. *The State*, 43 Texas, 170 ; *Bavara* v. *The State*, 42 Texas, 263 ; *Williams and Smith* v. *The State*, 42 Texas, 392 ; *Bruton* v. *The State*, 21 Texas, 348 ; *Rice and Dill* v. *The State*, 1 Texas Ct. App. 278 ; *Eliza Davis* v. *The State*, 2 Texas Ct. App. 588.

" However much," as was well said in *Coleman* v. *The State*, " a jury may be disposed to credit the accomplice, the defendant cannot be legally convicted unless the evidence of the accomplice be confirmed in some material matter tending to show the defendant's guilt. To allow convictions to stand where the corroboration is only in immaterial matters, or in matters affecting other parties and not the party on trial, would be to violate both the letter and spirit of the statute (Pasc. Dig., art. 3118), and to disregard those precautionary rules which experienced and wise jurists have deemed necessary to adopt in order to guard against erroneous convictions based on evidence unreliable because coming from a corrupt source." 1 Greenl. on Ev., sec. 381, and note ; *Coleman* v. *The State*, 44 Texas, 111.

For the reasons above stated we do not think the evidence as presented in the record before us was sufficient to warrant the verdict and judgment ; consequently, in our opin-

ion, the court erred in overruling defendant's motion for a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*