### A. W. Sephes v. The State.

#### No. 1843. Decided June 5, 1912.

#### Rehearing denied June 28, 1912.

**1.—Murder—Misconduct of Jury—Separation.**

Where it is not shown that the jury came in contact with any other person, and that the separation was not such that undue influence actuated the jury in assessing the lowest penalty against the defendant there was no error. Following Champ v. State, 32 Texas Crim. Rep., 87.

**2.—Same—Suspension of Sentence.**

The constitutionality of the law authorizing a suspension of sentence is not disposed of, on account of a motion for rehearing in another case in which this question is involved.

**3.—Same—Case Stated—Manslaughter—Plea of Guilty.**

Where upon trial of murder, the defendant entered a plea of guilty to manslaughter and his punishment was assessed at two years confinement in the penitentiary, there was no error.

Appeal from the District Court of Montgomery. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Llewellyn & Foster,* for appellant.—On question of misconduct of jury: Jones v. State, 13 Texas, 168, and cases cited in the opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted for murder, and when tried he entered a plea of guilty to manslaughter; the State insisting on no higher degree of offense, the jury returned a verdict finding him guilty of manslaughter, and his punishment was assessed at two years confinement in the penitentiary, thus giving him the lowest penalty authorized by law.

The appellant requested the court to submit to the jury the question of whether or not he had ever before been convicted of a felony, and with the request that the sentence be suspended on whatever judgment the jury might render. In returning the verdict the jury recommended that the sentence be not suspended. While the evidence was being heard an alarm of fire was given, and the sheriff testified

that court was suspended, and the jury requested that they be carried to where they could see the fire; that he told them they must not separate, and he would take them into the district clerk's room where they could see it. That after being in there five or ten minutes his attention was called to the fact that two of the jurymen were not in the district clerk's office; that he stepped to the door and these two were at one of the east windows looking at the fire; that there were others in the courtroom where these two jurymen were. That the door was open between the district clerk's office, where the main body of the jurymen were, and the courtroom where the two jurymen were looking at the fire.

Because the jury refused to recommend a suspension of the sentence, appellant filed a motion for a new trial, on the ground that the jury was permitted to separate after being impanelled, and the evidence above recited was adduced when the motion was heard. It is manifest that no undue influence was used on the jury in the matter of punishment assessed, as they gave him the lowest penalty affixed to the crime to which he entered a plea of guilty.

Recently, in the case of Snodgrass v. State, this court held the suspended sentence law unconstitutional, but as a motion for rehearing is pending and not finally disposed of, we will treat this question as though the law was valid. We are cited by appellant to the cases of Early v. State, 1 Texas Crim. App., 273, and Robinson v. State, 30 Texas Crim. App., 459, and other cases, in which it was held that where the jury separated and mingled with the crowd indiscriminately for an hour, the separation presented ground for reversal. In this case, however, no such facts are shown. The most that can be said is that when the sheriff took ten of the jurymen into the district clerk's office two remained in the courtroom, and those two then went to an east window to look at the fire. That there were others in the courtroom, but it is not shown that anyone spoke to them or they spoke to anyone. It is not shown that they come in contact with any person, and this separation, if separation it should be termed, was only for five or ten minutes, with the sheriff in the district clerk's office, the door being open. In this case the lowest penalty being assessed under a plea of guilty, even though they declined to recommend a suspension of sentence, we can not presume that this occasioned injury or prejudiced any right of the defendant. Champ v. State, 32 Texas Crim. Rep., 87; Wakefield v. State, 41 Texas, 556, and cases cited in sec. 865 of White's Ann. Procedure.

The judgment is affirmed.

*Affirmed.*