GORGONIO VILLAREAL V. THE STATE.

No. 4228. Decided October 25, 1916.

**1.—Theft—Jury and Jury Law.**

Where, on his voir dire examination, a juror, who sat upon the case, stated that he was employed by a lumber company, in which the person who had contributed to the employment of a private prosecutor, owned an interest, but that he would not be influenced by that fact, and it appeared from the record that defendant had not exhausted his peremptory challenges, but accepted the juror, there was no reversible error.

**2.—Same—Evidence—Other Offenses—Other Transactions.**

Upon trial of theft of a buggy, there was no error in admitting testimony of the theft of a horse which had been used to take the buggy away, the testimony showing that the said horse was found in defendant's possession.

**3.—Same—Accessory to Crime.**

The mere failure to report the transaction to an officer, when one has no other connection therewith, will not constitute one an accessory. Following Prichard v. State, 62 Texas Crim. Rep., 602.

**4.—Same—Evidence—Value—Bill of Exceptions.**

Where appellant complained that the court below refused to permit him to prove the value of a Moline buggy, that had been used sixty days (defendant being on trial for theft of a buggy), but the bill of exceptions did not disclose as to what the answer of the witness would have been, the same can not be reviewed; besides other testimony showed that the stolen buggy had been used very little.

**5.—Same—Argument of Counsel.**

Where the argument of the district attorney was based upon the testimony in the case, there was no reversible error.

**6,—Same—Jury and Jury Law—Sheriff.**

Where defendant contended that the sheriff had been instrumental in em ploying private prosecution at the instance of a citizen, and that, therefore, the sheriff ought not to have been permitted to summon the jury, but this fact was known before the jury was summoned, and no objection was made thereto until after the verdict was rendered, there was no reversible error, in the absence of a showing that improper persons were summoned on the jury.

**7.—Same—Newly Discovered Evidence—Statement of Facts.**

Where the alleged newly discovered evidence, heard upon the motion for new trial, was contained in the statement of facts, adduced upon main trial, and which statement of facts was filed some sixty days after the adjournment of the court for the term, said testimony as to said newly discovered evidence, part of which appeared in the bills of exceptions, which were also filed after the adjournment of the court, can not be considered on appeal. Following Knight v. State, 64 Texas Crim. Rep., 541.

**8.—Same—Sufficiency of the Evidence—Circumstantial Evidence.**

Where, upon trial of theft, defendant's confessions were in evidence, there was no error in refusing a charge on circumstantial evidence, and the evidence being sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Kleberg. Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Pope & Sutherland,* for appellant.—On question of incompetent juror: Steagald v. State, 22 Texas Crim. App., 464; Long v. State, 127 S. W. Rep., 551; Sorrell v. State, 169 id., 299.

On question of other offenses: Parker v. State, 75 S. W. Rep., 30; Curtis v. State, 52 Texas Crim. Rep., 606; Gardner v. State, 65 id., 402; Monroe v. State, 56 id., 444.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of incompetent juror: Campbell v. State, 164 S. W. Rep., 850.

HARPER, Judge.—Appellant was convicted of theft of a buggy and his punishment assessed at two years confinement in the State penitentiary.

There was no error in refusing to quash the indictment, as decided by this court in the companion case of Ygnacio Martinez, decided at our last sitting, appellant in that case being jointly indicted with this defendant.

J. B. Wyatt answered on his voir dire examination that he was employed by a lumber company in which R. J. Kleberg owned an interest. The record discloses that Mr. Kleberg had contributed to

the employment of private prosecution in this case. The juror also testified that he would not be influenced by that fact. With a knowledge of such facts appellant accepted the juror, and it is too late to complain after verdict. At the time the juror so answered appellant had not exhausted his peremptory challenges, as disclosed by the record, and he assigns no reason for not challenging the juror peremptorily at the time he was made aware of the facts.

By the record it is disclosed that when Peoples' buggy was stolen it was dragged by hand by two persons some distance; that it was then stopped and a horse hitched to it. Without objection Mr. Schultz was permitted to testify that Mr. Lehman, who lived near where a horse was hitched to the buggy, had a horse stolen that same night. When Nicolas Guerrero was testifying for the State he was permitted to testify that he saw this horse in the pasture of appellant's father subsequent to this time, and that appellant and Ygnacio Martinez were then in possession of the Lehman horse, and took it out of the pasture and turned it over to Rafaela Martinez. This testimony of Guerrero was objected to on several grounds, but under the facts of this case it was clearly admissible.

Appellant contends that if he had been permitted to prove by Pablo Rowland, who testified that he saw appellant and Martinez deliver the buggy to Guerrero, that he did not report such fact to the officers, that this would have made him an accessory to the theft. Mere failing to report to an officer, when one has no other connection, will not constitute one an accessory. Prichard v. State, 62 Texas Crim. Rep., 602, and cases there cited.

In bill No. 4 it is shown that appellant offered to prove by Albricht "the value of a Moline buggy that had been used sixty days." In the first place the bill does not disclose what the answer of the witness would have been, nor what he would have testified what the value of the buggy was, consequently it is impossible for us to tell whether or not the answer would have been beneficial to appellant. Had the bill recited he would have testified that the value was less than $50, a serious question would be presented, for in that event such testimony would have had a tendency to reduce this offense to a misdemeanor. But as the bill contains no such allegation, we can indulge no presumption in favor of the bill. Again it may be said in support of the ruling of the trial court, that the question did not take into consideration the facts proven in this case. While the alleged owner did testify that he had owned the buggy sixty days, yet he further testified that the buggy had been used but little and had not been driven exceeding seventy-five miles. Under such circumstances we can not say the court erred in not permitting a question that embraced *sixty days use,* when there was no basis in the testimony for such question.

In the next bill complaint is made that the district attorney in his argument had referred to appellant as a murderer, and that he then had three or four cases pending against him. Appellant testified in

his own behalf, and on cross-examination admitted that he had been convicted of murder, and that he was under indictment charged with other felonies. Such testimony being in the record, it was legitimate for the district attorney to refer to it in discussing the testimony given by him on this trial.

Appellant insists that as the sheriff had employed private prosecution in this case, at the instance of R. J. Kleberg, he ought not to have been permitted to summon the jury in the case. He alleges no improper persons were summoned, and in approving the bill the court says: "No objection was urged to the sheriff summoning the jury, although these facts were known to defendant and his counsel prior to the jury being summoned." Appellant could not wait until after verdict and then raise such question when he was fully cognizant of all the facts prior to the trial.

In bills Nos. 8, 9, 10 and 11 appellant presents various phases of his objection to the action of the court in overruling the ground in his motion alleging newly discovered evidence. In the bills none of the testimony heard is incorporated; they were filed long after the adjournment of court for the term. In the statement of facts is copied what testimony is claimed to have been heard when the motion for a new trial was acted on by the court. This statement of facts was filed some sixty days after the adjournment of court for the term. This question was so thoroughly discussed in Black v. State, 41 Texas Crim. Rep., 185, we are surprised that attorneys still undertake to present these matters in statement of facts and bills presented after the adjournment of court. In Knight v. State, 64 Texas Crim. Rep., 541, we collated the decisions following the rule announced in the Black case, supra, and under the rule of law announced in those cases the ground in the motion for a new trial alleging newly discovered testimony is not presented in a way we can review the action of the court in that respect.

In another bill it is contended the evidence is insufficient. To this we can not agree, for if the witnesses for the State are believed, it shows the guilt of appellant beyond question, and as Gil Guerrero testified that appellant admitted to him he had stolen the buggy from Mr. Peoples, there was no error in refusing to charge on circumstantial evidence. Wampler v. State, 28 Texas Crim. App., 352, and cases cited in Branch's Crim. Law, sec. 203.

The judgment is affirmed.

*Affirmed.*