Kenneth SCHULBACH, Appellant,

v.

The STATE of Texas, Appellee.

No. 44359.

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Joe J. Johnson, Jr., Fort Worth, for appellant.

Frank Coffey, Dist. Atty., T. J. Haire, Jr., Roger Crampton and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for possession of marihuana. The jury assessed the punishment at three years.

The sufficiency of the evidence is challenged.

On April 1, 1970, David Logan, Special Investigator for the United States Treasury, served a federal search warrant at appellant's residence. No one was present at the time the search began and appellant was not present at any time during the search. While searching the premises, Officer Logan found a large quantity of marihuana seeds on a table in appellant's bedroom. Paul Sutton was called as a witness by the State. For about two months prior to the date of the search he had been staying in the room with the appellant. He had not been at the residence for four or five days prior to the search and was there for only about five minutes on the day of the search to get some clothes he had left. He further testified that he had used marihuana, seen marihuana seeds and residue in appellant's bedroom, and, quite a while before April 1, 1970, told appellant he had better get rid of the marihuana. He said he moved out because he was afraid with the machine guns, marihuana and other things in appellant's room.

■ In his first three grounds of error, the appellant contends that the evidence shows that Paul Sutton was an accomplice witness as a matter of law and that his testimony was not corroborated and that the court erred in not charging the jury on accomplice testimony.

No testimony of Sutton made him an accomplice witness as a matter of law. There is no testimony to show that he was charged for the offense of possessing the marihuana found during the search.

No evidence raised the issue that Sutton was an accomplice witness as a matter of fact.

Even if there had been such evidence, no reversible error would be shown, because appellant did not object on the grounds that the trial judge gave no such instructions nor was there a request for such a charge in accordance with the provisions of Articles 36.14 and 36.15, Vernon's Ann.C.C.P. See Bass v. State, Tex.Cr.App., 427 S.W.2d 624, and Jones v. State, Tex.Cr.App., 427 S.W.2d 616.

■ Next the appellant complains that the search of his bedroom was illegal and the evidence obtained as a result of the search should not have been admitted because the affidavit does not contain sufficient facts to show probable cause for the issuance of the search warrant.

He contends that the conditions of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, have not been met. There the Supreme Court of the United States required that the affidavit must show the reliability of the informant plus the underlying facts and circumstances from which the informant concluded that the narcotics were where he claimed they were.

The affidavit is as follows:

"BEFORE ME, the undersigned authority, on this day personally appeared David L. Logan, who after being by me first duly sworn did depose and say as follows:

"My name is David L. Logan, Investigator for the Alcohol, Tobacco & Firearms Division and I have been for six years.

"On March 29, 1970, I received information from a person who is known to me to be reliable and who has previously on three separate occasions furnished information to me on other matters and on March 29, 1970, he informed me that Kenneth E. Schulbach has in his possession at 1522 Southwood, Arlington, Texas, two M-16 automatic rifles or machine guns.

"The informant further stated to affiant that he had been on the premises at

1522 Southwood, Arlington, Texas, and has observed one of the M–16 automatic rifle or machine gun. The informant further advised your affiant that Kenneth E. Schulbach told him that on March 29, 1970, that he had a case of dynamite under the floor of said residence at 1522 Southwood, Arlington, Texas.

"Affiant was further advised by Investigator Marley Jones for the Alcohol, Tobacco & Firearms Division that on or about June 12, 1969, Jones interviewed Kenneth E. Schulbach after Schulbach had been arrested by the Arlington Police Department in possession of thirty-six sticks of dynamite, twenty-eight primers, and approximately ten feet of fuse.

"Affiant has been further informed by reliable, credible and trustworthy citizens of Tarrant County, Texas, who have known Kenneth E. Schulbach for a number of years, whose identity was given to Bill Atkins, United States Commissioner, under oath, that Schulbach continually asks about explosives and had interrogated different people about how much dynamite would be needed to blow up different objects.

"Affiant further deposes and says that he has received information from at least six different sources whose identity was given under oath to the United States Commissioner, that Schulbach had been manufacturing 'destructive devices—home made bombs.'

"Affiant has reasonable grounds to believe, and does believe, that said automatic rifles or machine guns, dynamite and detonating devices are now being concealed in the residence located at 1522 Southwood, Arlington, Texas.

/S/ David L. Logan

Sworn to before me and subscribed in my presence, this the *1st* day of April 1970.

/S/ Bill Atkins
United States Commissioner"

The affidavit in the present case contains sufficient statements to show underlying facts and circumstances for the informant to conclude that the appellant had illegal arms at his home March 29, 1970, two days before the affidavit was made. He had seen the gun and the appellant had stated that he had a case of dynamite under the floor at his residence.

The requirement that the reliability of the informant be shown will be discussed. The recital in the affidavit that "on March 29, 1970, I received information from a person who is known to me to be reliable and who has previously on three separate occasions furnished information to me on other matters. . . . " does not go as far as most affidavits and recite that such information proved to be true.

It is noted that the affiant has received information from at least six different sources whose identity was given under oath to the United States Commissioner that Schulbach had been manufacturing "destructive devices—home made bombs." Further, the United States Commissioner, Bill Atkins, was given the identity of reliable, credible and trustworthy citizens of Tarrant County who had known Schulbach for a number of years, who had stated he continually asked about explosives and how much dynamite it would take to blow up different objects.

The warrant was issued by the United States Commissioner Bill Atkins.

The affidavit as a whole would show that the United States Commissioner Bill Atkins before issuing the warrant had sufficient facts to conclude that the statements in the affidavit were not fabricated. See Williams v. State, Tex.Cr.App., 476 S.W.2d 300; Heredia v. State, Tex.Cr.App., 468 S.W.2d 833; Vessels v. State, Tex.Cr.App., 467 S.W.2d 259; United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723, and Gaston v. State, Tex.Cr.App., 440 S.W.2d 297.

We hold the affidavit sufficient to show probable cause. The officers were searching for arms and explosives. They saw the marihuana in open view before taking it. Contraband may be seized even though it has not been listed in the warrant, e. g. Valdez v. State, Tex.Cr.App., 472 S.W.2d 754.

The fourth ground of error is overruled.

Lastly, complaint is made that the court erred in admitting testimony concerning the finding of machine guns. Testimony of this came in without objection. Appellant's father testified that he owned a pistol and a shotgun but that the appellant owned the other firearms. We perceive no error.

The evidence is sufficient to support the conviction. The record contains no reversible error.

The judgment is affirmed.