**Walter George HANNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44503.**

Court of Criminal Appeals of Texas.

Feb. 2, 1972.

Jake Cook, Fort Worth, (court appointed), for appellant.

Frank Coffey, Dist. Atty., and Robert S. Williams, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary. The punishment was assessed by a jury at 8 years.

Appellant's first two grounds of error challenge the sufficiency of the evidence.

The evidence shows that Officer J. H. P. Click, a detective assigned to the burglary division of the Fort Worth Police Department, went to the residence of Bobby Jean Jordan on December 27, 1969, at approximately eleven A.M. and asked her if he could search her house for stolen merchandise. Mrs. Jordan invited the officer inside the house and a search revealed many articles, including suits and shirts later identified by Phillip Douglas Fortenberry as having been taken from his house in a burglary.

Present in Mrs. Jordan's house when the search was conducted were Mrs. Jordan, the owner, her four children, a girl friend of hers, Jerry Willie Turner and the appellant, who was known to Mrs. Jordan as George Dorsey.

Mrs. Jordan testified that on the date in question she gave the officer consent to search her house. She stated that the officer did not tell her she need not let him come into the house, but that she knew she did not have to let him in without a search warrant. She testified that Jerry Willie Turner and the appellant brought the items to her house at approximately 4 A.M., the same day that the officer was there; that she did not know where they came from and that she did not know that the goods were stolen.

Officer Click testified that he discovered the name "Phillip D. Fortenberry" on the label of some of the suits and "Fortenberry" on others. The shirts had the same name on the collars. He attempted to contact Fortenberry by telephone and was unable to do so. He then went to the Fortenberry residence and discovered that the door to the house had been forced open and the house was ransacked.

Witness Fortenberry testified that he left his home on December 24, 1969, for the Christmas holidays and did not return until January 1, 1970, when he discovered his house had been broken into and many things had been taken therefrom. He did not give anyone permission to break and

enter his home or take any of his property during his absence. He identified the property as coming from his home during his absence and as being his property.

The court charged the jury on the law of circumstantial evidence. The evidence shows the burglary of the house in question by someone, coupled with proof of appellant's unexplained possession of property recently stolen from such house. We hold that the evidence is sufficient to sustain the jury's verdict. Amaya v. State, Tex.Cr.App., 473 S.W.2d 476; Hammond v. State, Tex.Cr.App., 465 S.W.2d 748; Moses v. State, Tex.Cr.App., 464 S.W.2d 116; Thomas v. State, Tex.Cr.App., 459 S.W.2d 842.

■ By his third ground of error, appellant contends that the trial court should have granted his requested charge that Bobby Jean Jordan was an accomplice as a matter of law.

■ There is no testimony that Mrs. Jordan participated in, knew about, or benefitted from the burglary; nor is there any evidence that she made an effort to aid appellant in avoiding apprehension, had knowledge that the property was stolen or that she attempted to secrete the property. The only connection shown was that Turner lived there with her part of the time. She admitted he was the father of one of her children. Her statement to the officer that the appellant and Turner brought the property to her house at approximately 4 A.M. that morning does not make her an accomplice as a matter of law. Schulbach v. State, 474 S.W.2d 920 (1972); Williams v. State, Tex.Cr.App., 464 S.W.2d 842; Findley v. State, Tex.Cr.App., 378 S.W.2d 850; Castillo v. State, 160 Tex.Cr.R. 27, 267 S.W.2d 145.

■ By his ground of error number four, appellant contends that it was error for the trial court to charge the jury on "the law of principals."

■ The only testimony that tends to connect appellant with a principal is the statement by Mrs. Jordan that appellant and Turner brought the goods to her house on the morning in question. The statement, coupled with the possession of recently stolen property by appellant and Turner, would not require a charge on the law of principals.

This court in Durham v. State, 112 Tex. Cr.R. 395, at p. 400, 16 S.W.2d 1092, at p. 1095, stated:

"When the evidence shows that the accused on trial was a principal actor in the commission of the offense, no charge on principals would be necessary, although the proof may also disclose that in doing the criminal act another took an equal part."

However, we fail to see how a charge on the law of principals would be calculated to injure the rights of the appellant in the instant case. The court's charge made appellant's guilt depend upon the finding that he, "acting either alone or as a principal", committed the offense.

This court, in Scott v. State, Tex.Cr. App., 450 S.W.2d 868, stated:

"The evidence is sufficient to authorize the finding that the appellant was present and the principal actor in the commission of the offense. In light of the charge which authorized the conviction if the appellant was acting alone and the evidence in support thereof, no error is shown. 16 Tex.Jur.2d 167, Sec. 55; 31 Tex.Jur.2d 651, Sec. 104; Ross v. State, 60 Tex.Cr.R. 547, 132 S.W. 793; Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1092."

We hold that the submission of the charge on the law of principals was, at most, harmless error; and no reversible error is shown.

■ Appellant's ground of error number five asserts that the trial court erred in

refusing to grant his motion for a mistrial after Witness Jordan unresponsively stated, during cross-examination, that the officer gave her a lie detector test.

The record reflects the following:

"Q. (By Defense Counsel) Did you go down to the police station of your own free will and talk to them?

"A. I went down there to see my brother and when I got down there, Lt. Sinclair asked me if I would go down with him and be questioned and I told him yes and we went down to some room and he questioned me and then he put me on the lie detector test and after that he—"

An objection to this answer was sustained and motion for mistrial was overruled. The matter was not pursued further and the results of such test were never mentioned.

In light of the prompt ruling of the court and the instruction to the jury to disregard the testimony, no reversible error is shown. See Renesto v. State, Tex.Cr.App., 452 S.W.2d 498, and cases cited therein.

■ Ground of error number six is that: "The Trial Court erred in not granting appellant's motion for a 'mistrial' during the punishment stage of the trial, when the Assistant District Attorney intimated that the appellant had participated with Jimmy Henderson and Jerry Turner in a crime at Bill Sodd's Grocery Store."

Appellant applied for probation and testified on direct examination that he could live up to the terms and conditions of probation. He answered that he would avoid persons or places of disreputable or harmful character. Then on cross-examination the following occurred:

"Q. You were with both of those people out on—that I named, were you not, Jerry Turner and Jimmy Henderson back the 12th day of January, 1970, weren't you?

"A. No, I wasn't.

"Q. You weren't out there at Bill Sodd Grocery Store with them?

"A. No, I wasn't.

"Q. You understand that you are under oath to tell the truth?

"A. That is right.

"MR. COOK: We object to this line of questioning, no evidence has been raised in this matter and is definitely against the Court's ruling.

"THE COURT: All right, I sustain the objection.

"MR. COOK: In that regard, we ask to withdraw such statements of the District Attorney from the Jury and ask them not to consider them.

"THE COURT: I'll instruct the Jury not to consider the District Attorney's last statement for any reason.

"MR. COOK: Because prejudicial error has been committed, we ask for a mistrial.

"THE COURT: I'll overrule the motion for a mistrial.

"MR. COOK: Note our exception."

First, the question did not refer to an extraneous offense and no error is shown. See Walker v. State, 473 S.W.2d 508 (1971). However, the court, after hearing appellant's pre-trial motion in limine instructed the prosecuting attorney not to comment on or allude to a robbery case. It is not clear in the record whether that was a robbery at a Bill Sodd's Grocery on January 12, 1970. If so, the question was clearly improper. Nevertheless, since the record was not fully developed on this point, we cannot hold that it was a bad faith question on the part of the prosecutor. In any event, the objection was sustained and the jury instructed not to consider the question, therefore, under the cir-

cumstances presented, no reversible error is shown.

 Next, appellant contends that the goods found in the Jordan house were "fruits of an illegal search and seizure, without a warrant and without probable cause."

The search of the house was with consent of the owner, Mrs. Jordan. She testified that when the officer came to her house, "He asked me if he could look in the house and I told him yes." She also testified that she was aware that she had the right to refuse the officer's request. The owner of the house having voluntarily consented to the warrantless search, appellant has no grounds to complain of the introduction of the fruits of this search. Powers v. State, Tex.Cr.App., 459 S.W.2d 847. See generally, Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L. Ed.2d 176 (1969); Mancusi v. De Forte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968); Woodbury v. Beto, 426 F.2d 923 (5th Cir. 1970); United States v. Thompson, 421 F.2d 373 (5th Cir. 1970); Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968).

 Finally, appellant by pro se written motion raises the issue of incompetency of counsel. After only a cursory review of the record we realized this contention is without merit; an in depth study convinces us it is fantastic. Appointed counsel filed motions (a) for discovery, (b) to quash the jury panel, and (c) in limine. A separate hearing was held on each of these motions. During the trial there were numerous objections, exceptions and motion for mistrial. When the state rested, a motion for instructed verdict was made. Before the charge was read to the jury there were written objections thereto filed and written requested charges submitted. Further, the record before us on appeal reveals that all arguable grounds of error were raised and

briefed, including this one, which we find to be clearly without merit.

There being no reversible error, the judgment is affirmed.

MORRISON, J., not participating.