## ED WINFIELD v. THE STATE.

No. 2642.   Decided February 11, 1903.
Motion for Rehearing Decided February 25, 1903.

**1.—Reasonable Doubt—Charge.**

Where the court instructed the jury as follows, viz:   "The defendant is presumed to be innocent until his guilt is established to the satisfaction of the jury beyond a reasonable doubt; and unless you are so satisfied, find him not guilty."   Held to practically embody the law upon reasonable doubt.

**2.—Alibi—Charge.**

Where the court charged the jury, "If you have a reasonable doubt of the presence, when and where the alleged offense was committed, of the defendant, then find him not guilty."   Held sufficient, though awkwardly worded.

**3.—Burglary—Accomplice.**

A party is an accomplice to a burglary who keeps watch while another perpetrates the burglary.

**4.—Same—Accomplice.**

Where a witness is shown to be an accomplice beyond question, a charge of court instructing the jury that he is an accomplice is not upon the weight of evidence, and renders unnecessary a charge defining an accomplice.

### ON MOTION FOR REHEARING.

**5.—Reasonable Doubt—Charge.**

A charge that "defendant is presumed to be innocent until his guilt is established by the satisfaction of the jury beyond a reasonable doubt, and unless you are so satisfied, find him not guilty," is not such error as requires a reversal.

Appeal from the Criminal District Court of Harris.   Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with the burglary of a house, the private residence of A. R. Railey.   The testimony of A. R. Railey showed that he identified appellant as the party in his house on the night alleged in the indictment; that a window was opened, and that bureau drawers were ransacked, and that he and his son Gus Railey chased appellant for several blocks, but failed to catch him.   Gus Railey did not testify on the stand, nor was his absence accounted for.

John Sims, for the State, testified that he met appellant near his house; that they went to the residence of A. R. Railey, and there appellant raised the window and went in, and that he stayed outside and kept watch.

The evidence of the defendant and his witnesses was that he did not know Railey, nor where he lived, and that on the night of the alleged burglary he was home, asleep in his bed; that it was his custom to stay home, and an alibi was proven.

*E. T. Branch,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of burglary, the punishment assessed being five years in the penitentiary.

The first ground of appellant's motion is that the court erred in failing to charge the jury, if they had a reasonable doubt of defendant's guilt, they must acquit. The court charged as follows: "The defendant is presumed to be innocent until his guilt is established to the satisfaction of the jury beyond a reasonable doubt, and unless you are so satisfied, find him not guilty." While we commend the usual form of charging on reasonable doubt, as it eliminates such objections as the one now urged, yet we believe the court's charge practically embodies the law on this subject.

Appellant insists that the court erred in his charge on the law of alibi, which charge is in the following language: "If you have a reasonable doubt of the presence when and where the alleged offense was committed, if any was committed, of the defendant, then find him not guilty." While this charge is awkwardly worded, we think it is sufficient.

Appellant also insists that the court erred in not defining an accomplice. The court charged the jury as follows: "You are charged that the witness John Sims is an accomplice, and you can not convict defendant on his testimony, unless corroborated by other evidence tending to connect defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense." Witness John Sims testified that he assisted appellant in burglarizing the house, and kept watch while appellant went into the house. There was no testimony disputing what he said in reference to this matter, and his testimony in law makes him an accomplice. In view of the fact that the court told the jury that he was an accomplice, it renders unnecessary any charge defining the law of accomplice. Nor do we think that the charge telling the jury that a certain witness is an accomplice is injurious to appellant; nor is it upon the weight of the evidence. We have repeatedly commended trial courts instructing the jury that a witness is an accomplice, where the testimony clearly shows that fact. If the testimony raises the issue merely of an accomplice, then it is proper for the court to submit this to the jury by charge; but where the evidence is undisputed going to show that witness is an accomplice, it is not on the weight of the evidence, nor erroneous, for the court to so instruct the jury. Hatcher v. State, 43 Texas Crim. Rep., 237.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

BROOKS, Judge.—Appellant files a motion for rehearing, and asks for a certiorari, insisting that in the original opinion we misquoted the charge complained of. Appellant insists that the original charge reads as follows: "The defendant is presumed to the innocent until his guilt

is established by the satisfaction of the jury beyond a reasonable doubt, and unless you are so satisfied, find him not guilty." We do not think it necessary to grant the writ of certiorari on a technical matter of this character. It would not be such error as would authorize a reversal of this case, concede the charge to be as stated. The motion for certiorari is denied, and the motion for rehearing overruled.

*Motion overruled.*