JOHN CHANDLER v. THE STATE.

No. 6261.   Decided June 22, 1921.

1.—Intoxicating Liquors—Illegal Manufacture—Accomplice—Sufficiency of the Evidence.

Where, upon trial of the unlawful manufacture of intoxicating liquors, the conviction depended upon accomplice testimony, which is sufficiently corroborated, there is no reversible error.

2.—Same—Corroborative Testimony—Rule Stated.

It is not necessary that the corroborative testimony be sufficient in and of itself to convict. The law only requires that the corroborative evidence tends to connect the defendant with the commission of the offense, and such corroboration may be either by circumstantial or positive testimony. Following Pope v. State, 81 Texas Crim. Rep., 54.

3.—Same—Rehearing—Practice on Appeal.

Where appellant's motion for rehearing is largely a restatement of the questions decided in the original opinion, and no error was committed in said original opinion, the motion for rehearing is overruled.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of the unlawful manufacture of intoxicating liquors; penalty, imprisonment for one year in the penitentiary.

The opinion states the case.

*Ross Huffmaster, Miller & Miller,* and *Wynne & Wynne,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the unlawful manufacture of intoxicating liquor, his punishment being assessed at confinement in the penitentiary for one year.

W. W. Neal, an accomplice, testified, that he had helped the appellant make whisky, and described the equipment used, consisting, in part, of eight wooden barrels and one metal barrel, each being of about fifty gallons capacity. They had a coil and two small pipes with elbows on it, and a mill to grind corn with. They used meal, sprouted corn, and syrup. This whisky was made on the place where

appellant lived, and near the end of cotton rows cultivated by him. This witness described the location of the place where the whisky was manufactured as being near a branch at the end of the cotton rows. If the testimony of the accomplice witness is to be believed, it leaves no doubt as to appellant's guilt, and the only question presented to this court is whether the corroborating testimony was sufficient.

Ed Cole, the constable, testified that, he had occasion to make a search on the farm of appellant, and down at the end of some cotton rows where there was a slough, he found where they had cooked whisky, that is, he supposed they cooked whisky. He found a place where there had been a fire, and some mash; he found some whisky in a bucket; from this point he tracked a wagon to the Haynie pasture, which joined appellant's place, and there found the coil and pipe and eleven barrels, all of them being wooden except one, which was a metal barrel. He also found a corn mill. He says the stuff he found on the Haynie place appeared to have been unloaded just recently; there was a grubbing hoe and shovel and irons to make grates. J. M. Haynie testified, that the still found upon his place was not his; that he did not know it was there until the officers found it upon his place.

Tom Jones testified that, appellant at one time suggested to him that they make some whisky, and George Woodward testified to the same thing. The description of the place where the officers found the indications of whisky having been made and where mash had been poured out in the slough, and near which he found the whisky in the bucket, corresponded with the testimony of the accomplice where he located the place of the whisky manufacture.

Does the foregoing testimony tend to connect the defendant with the commission of the offense of manufacturing intoxicating liquor? If it does, the accomplice is sufficiently corroborated, and this conviction should stand. It is not necessary that the corroborative testimony be sufficient, in and of itself, to convict. If so, there would be no necessity of using the accomplice; and his testimony would be of no value. For authorities upon this proposition, see the last paragraph of Section 319, Branch's Crim. Law; and the law only requires that the corroborative evidence *tend* to connect the defendant with the commission of the offense. When we look to the dictionary for a definition of the word "tend," we find it means: "to move in a certain direction"—"to have a leaning"—"to contribute to." It is not necessary to refer to the many cases decided by this court giving practically the same construction to the meaning of the word as we find it laid down in the dictionary. The corroboration may be either by circumstantial or positive testimony. Pope v. State, 81 Texas Crim. Rep., 54, 194 S. W. Rep., 590. The fact that there was found upon the premises controlled by the appellant a place where whisky had apparently been made; mash had been poured out on the ground, and whisky found close thereto; tracks leading away therefrom, which, when followed, resulted in the finding of the same equipment as de-

scribed by the accomplice, would certainly have a "leaning towards" showing the guilt of appellant. That he was not averse to engaging in the manufacture of intoxicating liquor is shown by the testimony of two witnesses, to whom he had proposed this very thing, and this would also "move towards" the support of the testimony of the accomplice as to what he says was actually done. An examination of the entire record leads us to the conclusion that the jury was not unauthorized to find that the corroborating evidence tended to connect the defendant with the manufacture of intoxicating liquor, and sufficiently supported the testimony of the accomplice, which was postive as to this transaction.

Believing the testimony of the accomplice to have been sufficiently corroborated, and that being the only issue presented to this court, the judgment of the trial court is affirmed.

*Affirmed.*

### ON REHEARING.

### June 22, 1921.

LATTIMORE, JUDGE.—We have carefully considered appellant's motion for rehearing and find same to be largely a re-statement of the contentions discussed in the original opinion. All of these were carefully considered by us, and in the absence of some specific indication that error was committed in this court's opinion we deem it hardly necessary to write further. The motion for rehearing is overruled.

*Overruled.*