## FRANKS v. STATE.
### No. 18343.

Court of Criminal Appeals of Texas.
May 20, 1936.

Rehearing Denied June 17, 1936.

Polk Shelton and Emmett Shelton, both of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**CHRISTIAN, Judge.**

The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Nellie Franks in some way and by some means, instruments, and weapons to the grand jurors unknown.

Deceased was the wife of appellant. Her body was discovered in her home on the 13th of April, 1935, she having been last seen alive two or three days prior to said date. Horace Walker, a witness for the state, who lived in the home of deceased and appellant, testified that early in the morning of April 13, 1935, he saw appellant coming out of his room carrying the body of deceased. Appellant said to him: "Get back in bed. If you tell this I will kill you. If I don't get out of this I will see you are killed." He testified further that appellant carried deceased's body back into the kitchen and set fire to the house. When the fire was discovered, other parties came to the house and carried the body into the yard. An autopsy disclosed that the skull had been fractured.

Testifying in his own behalf, appellant denied that he knew anything about the death of his wife until the fire was discovered. His testimony also raised the issue of alibi.

■ Appellant excepted to the charge of the court for its failure to instruct the jury that Horace Walker was an accomplice witness. The court submitted for the determination of the jury the question as to whether said witness was an accomplice. It is upon the testimony of said witness hereinafter quoted that appellant predicated his exception. We quote: "I started out of my room into the hallway, opened the door going into the hallway, going into the bathroom after my old clothes. When I opened the door is when I saw Tom (appellant) with Nellie's body; I saw Tom coming out of his room backwards with the body in his arms, with the two legs across his arm and the other arm under her, backing out of the room into the hallway. Tom Franks said something to me at the time I saw him; he says 'Get back in bed.' He says 'If you tell this I will kill you.' He says 'If I don't get out of this I will see you are killed.' "

Again we quote from the testimony of said witness: "After Tom Franks left the house that Monday morning I never got out of that bed until this boy came and told me the house was on fire. I did tell the officers that, after Tom left the place, I got up and went out, but that was before I told the truth about it. This was Monday when I told the officers that, and it was Tuesday before I told the real facts. I didn't tell the officers that I got up and went out after I had seen the body. As to whether I did not tell Mr. Blair and Mr. Redding (deputy sheriffs) that, will say I didn't say anything about seeing the body. I told the officers I did not see Tom with the body but that was in the first statement before I told the truth about it. I didn't tell a lot of tales about it. I told it only once."

It is appellant's contention that the testimony above quoted placed the witness in the category of an accessory. In the cases cited by appellant in support of his contention it was shown that the witness affirmatively aided the person who had committed the offense to evade arrest or escape prosecution or punishment. In Littles v. State, 111 Tex.Cr.R. 500, 14 S.W.(2d) 853, the witness, upon first being questioned concerning the homicide, made false declarations to the officers favorable to the accused. In short, his version was in the nature of an affirmative statement, which, if testified to upon the trial of the accused, would have raised an affirmative defense. Such being the case, we held the witness was an accomplice. In Turner v. State, 117 Tex.Cr.R. 434, 37 S.W.(2d) 747, immediately after the killing, the witness had stated to the officers that the shot was fired from the gun of deceased in a scuffle and not by the appellant. In other words, as described by the witness, the killing was accidental. Under such circumstances, it was held that the witness was an accomplice. We think the record in the present case reveals no more than that, upon being questioned by the officers, the witness falsely denied having any knowledge of the crime. We quote from Branch's Ann.Tex. P.C. § 702, as follows: "The fact that the witness falsely denied having any knowledge of the crime will not of itself render such witness an accomplice."

The foregoing statement of the rule was approved by this court in the case of Tipton v. State, 126 Tex.Cr.R. 439, 72 S.W.(2d) 290. We are of opinion that the court was not in error in declining to respond to the exception.

■ Appellant excepted to the charge of the court for its failure to embrace an in-

struction covering the law of murder without malice. We think the issue was not raised. Prior to the repeal of the statutes defining murder in the first and second degree, this court held that an unexplained killing was murder in the second degree. Hamby v. State, 36 Tex. 523; Brown v. State, 76 Tex.Cr.R. 316, 174 S.W. 360. The present record reveals an unexplained killing. There were no eyewitnesses to the homicide, and there is nothing in the record to indicate that the crime was committed by appellant while under the immediate influence of a sudden passion arising from an adequate cause, etc.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.