## BUTE STEEN v. THE STATE.

No. 18561.   Delivered November 18, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*Polk Shelton* and *Emmett Shelton,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of eight years.

Appellant's first complaint is that the court erred in overruling his motion for a peremptory instruction to the jury on the ground that the testimony of the accomplice was not sufficiently corroborated to justify and sustain his conviction.

The State offered Will E. Robertson as a witness who testified that on the night of November 16, 1935, he, together with McLemore, appellant, and a boy by the name of Blackie, by force entered Lomis Slaughter's place of business and took therefrom six guns and a safe; that when they first entered the building they moved the safe from the office to the door, but found it too heavy for them to lift on to a truck; that they went to the two hundred block on West 2nd Street to get some assistance; that appellant went into a house in search of help, but returned without any; that they went back to the building, carried the safe to the rear of the building, backed the truck up to the door and loaded it, then took it out to a place near Camp Mabry and dumped it; that the next evening they went out with cold chisels, cut a hole in it, removed the contents, and divided the money; that on the following Monday night they left Austin for Waxahachie arriving there

about four a. m. where they spent the remainder of the night at a tourist camp.

Mrs. Hollis Bible testified that she resided in the two hundred block on West 2nd Street; that on Saturday afternoon prior to the time of the commission of the burglary on said night appellant and several other parties visited at her home; that she overheard a conversation between the appellant and those present about making a trip; that on this occasion she heard appellant say that he had to have some money; that thereafter during the night appellant returned to her home and inquired of her where the other boys were; that he said to her that he was going off on a job and needed them; that sometime later during the night he again returned to her home and inquired of her if she knew where the boys were; that on this occasion he told her that he had some "stuff" that he had to get away; that he needed them to help him load a safe on a truck; that on the afternoon of the next day or either the second day after the burglary appellant visited at her home, at which time she read from the daily paper an account of the burglary and cautioned him to be careful, to which he replied that everything was all right, that the boys were supposed to throw the guns away, but he did not let them do so.

None of the property taken from the burglarized premises was found in the possession of the appellant. At the trial appellant interposed as the only defense the plea of an alibi which he supported by some testimony. We think that the testimony of Mrs. Bible tended to connect the appellant with the commission of the offense and sufficiently corroborated the testimony of the accomplice Will E. Robertson and is therefore sufficient to sustain the verdict of the jury and the judgment of conviction. See Minor v. State, 108 Texas Crim. Rep., 1; Chandler v. State, 89 Texas Crim. Rep., 597.

Appellant in due time addressed a number of objections to the court's charge and now contends that the court erred in overruling the same. The first objection to the court's charge as disclosed by bill of exception number two relates to the action of the trial court in overruling his objection to paragraph eight of the charge in applying the law of accomplice to the witness Will E. Robertson, on the ground that it was a charge on the weight of the evidence. We cannot agree with him. Where a witness is shown to be an accomplice beyond question, a charge of the court instructing the jury that he is an accomplice is not on the weight of the evidence. See Torres

v. State, 55 S. W., 828; Winfield v. State, 44 Texas Crim. Rep., 475.

Appellant next complains of the court's charge submitting his defense of alibi on the ground that it is not a proper application of the law to the facts. Charges similar to the one here complained of with the identical question involved have been approved by this court in many cases.

By bill of exception number five appellant complains of the court's charge on the law of principals on the ground that it is an instruction on the weight of the evidence, that it is not a proper definition of principal and is not raised by the evidence. The State's testimony clearly made appellant a principal in the commission of the offense. The court instructed the jury on the law of principals as follows:

"* * * all persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one or more persons, but others are present and, knowing the unlawful intent, aid by acts, or encourage by words or gestures, those actually engaged in the commission of the unlawful act, such person or persons so aiding or encouraging are principal offenders, and may be prosecuted as such. Now bearing in mind the foregoing definitions and instructions, the jury are instructed that if they believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Bute Steen, either alone or acting together with another or others as principal, as that term has hereinbefore been defined, on or about the 16th day of November, 1935, in the County of Travis and State of Texas, by force, did break and enter the house of one Lomis Slaughter, as charged in the indictment, with intent to commit theft, you will find him guilty of burglary, and say so by your verdict. * * * but if the jury do not so believe from the evidence in this case, or if they have a reasonable doubt thereof, they will acquit the defendant."

It occurs to us that the instruction was a correct application of the law to the facts.

Appellant's next complaint is that the court failed to instruct the jury on the law of circumstantial evidence. It is our opinion that the facts in this case are such as do not require an instruction on the law of circumstantial evidence. It has been held many times that where the evidence against the accused is direct and positive, although it is that of an accomplice, a charge on circumstantial evidence is not required. See Kidwell v. State, 35 Texas Crim. Rep., 264; Rios v. State,

39 Texas Crim. Rep., 675; McKinney v. State, 48 Texas Crim. Rep., 402 (405); Lopez v. State, 92 Texas Crim. Rep., 97.

By bills of exception numbers eight and nine appellant complains because the court declined to instruct the jury that Mrs. Bible was an accomplice as a matter of law and also declined to submit the question of whether or not she was an accomplice to the jury. We do not think that the court erred in either respect because there was no testimony which brought her within the term of an accomplice as defined by law and unless there be evidence which raises such an issue the court should not instruct the jury with reference thereto. The mere concealment of knowledge that a crime is to be or has been committed does not make the person having such knowledge an accomplice. See Alford v. State, 31 Texas Crim. Rep., 299; Prewett v. State, 41 Texas Crim. Rep., 262.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant earnestly insists that the corroboration of the accomplice in this case is not sufficient. In the light of the motion and supplement we have again gone carefully over the facts. Appellant asks,—and answers in the negative,—if analysis of the testimony, aside from that of Robertson, the accomplice, reveals anything tending to show the guilt of the accused. Let us see.

The burglary took place on Saturday night, the 16th of November, about midnight. Robertson, the accomplice, had worked at the burglarized store and was familiar with it, and the people having it in charge were familiar with him. Robertson testified that he was approached by appellant sometime before the alleged burglary, and informed that appellant would like to find when there would be most money on hand in the store as he contemplated breaking into it some night. Robertson undertook to inform appellant, and testified that on the evening of the 16th of November appellant asked him if everything would be all right for a burglary that night, and witness said he answered in the affirmative. He went over to the store and stayed until same was closed, close to one o'clock, and he

said he then went over to a cafe on Congress Avenue where he found appellant, one Blackie, one McInnis, McLemore and a young man named Biedler. He informed appellant that the parties had left the store, and at once appellant and his party got up, went out with witness and over to the store where they proceeded to burglarize it.

Young Biedler was used as a witness for the State, and testified he was at the cafe mentioned on the night in question with the parties named beween 11:30 p. m. and one o'clock and heard some one say that the man had left, and that at once the other fellows got up and went out.

In addition to what was said in our original opinion in regard to the corroboration afforded by the testimony of Mrs. Bible, we call attention to what was said by Mr. Biedler as above mentioned, and also to the following statements and observations, which further support the conclusion of guilt.

Fabrication of testimony has always been regarded as cogent evidence of guilt. In this case appellant's wife, his sister and the husband of the sister undertook to make out an alibi for appellant. His wife swore that he left Austin about one o'clock on the Saturday of the alleged burglary that night, —that he was going to Waxahachie or Dallas. Appellant's sister testified that she lived in Dallas, and that appellant came to her home that Saturday evening about dark, and was in her home for the three following nights, and was in Dallas during that time; that McLemore and one Glass were with him. In addition to the testimony of Mrs. Bible, Mr. Biedler and the accomplice witness to the fact that appellant was in Austin on Saturday night and Sunday following the night of the burblary,—we also note that Mr. Robertson's brother testified that on Sunday after the burglary on Saturday night he was sitting in his car on Congress Avenue talking to his brother, the accomplice, when appellant drove up in his car, honked for the accomplice, who got out of witness' car, got in the car of appellant, and they drove off. We note also that the number of appellant's car license was given in evidence. The accomplice testified that he in company with Blackie, McLemore and another with appellant all drove on Monday night following the burglary to Waxahachie, where they registered in a tourist camp, the keeper of the tourist camp taking down the number of their car, the accomplice witness having written in the registration book of said camp fictitious names for the entire party. On the trial the keeper of said tourist camp was a witness, and he testified that on Monday night a party, giving the

names testified as fictitious, and in a car whose number corresponded to that of the car of appellant,—came to his tourist camp and spent the night.

We have examined the cases cited in appellant's supplemental brief, which merely hold that it is necessary for the corroborating witnesses to give evidence tending to show the participation of the accused in the crime charged.

None of the authorities known to this court undertake to lay down rules regarding the quantum of proof necessary to measure up to the statutory requirement of corroboration,— which is only that such evidence go to the extent in and of itself tending to connect the accused with the crime charged. Primarily the question is one for the jury, and unless this court is of opinion that the jury has abused its office in some way, and that the evidence deemed corroborative is without such probative force as would make it tend to connect the accused with the crime,—this court must let the verdict stand. We are not willing in this case to agree that the corroboration is not sufficient.

The motion for rehearing is overruled.

*Overruled.*