RUTH MARTIN v. THE STATE.

No. 23304. Delivered March 20, 1946.

K. H. *Dally,* of Borger, and *W. J. Flesher* and *R. A. Defee,* both of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted of murder with malice and assessed a penalty of fifteen years in the penitentiary.

On the evening preceding the alleged offense, appellant and her husband were in the Texas Bar, in the town of Borger, drinking beer. They were joined first by Clay Robbins, who testified in the case in behalf of the state and is the only person to give the details of the tragedy. They were soon joined, in their beer drinking, by Mrs. Mollie Merrick who was a stranger to Clay Robbins, and apparently to appellant and her husband. The party remained there drinking until about eleven o'clock when the place closed, then went to the home of the witness Robbins where they continued beer drinking until about two-thirty in the morning. Robbins' wife was away from home and no one was present besides the four named. After the beer had been consumed, the two women went into another room and through the house, returning by way of the kitchen to the living room. Mollie Merrick took a seat in a chair and appellant returned to the kitchen, procured a butcher knife, and stabbed

her two or three times. The wounded woman got into the bedroom and died within a very few minutes. Clay Robbins called the officers and undertakers who found the woman dead upon arrival.

Appellant and her husband solicited Robbins to report the death of Mollie Merrick as a suicide, which he did. This was done for the purpose of evading the arrest of appellant for the crime. The facts of such agreement, and report thereof made to the officers, constitute Robbins an accessory after the fact as defined by Article 77, Vernon's Ann. Penal Code; and, by reason thereof, gives him the status in the case of an accomplice witness as a matter of law. The trial judge apparently took the view that there was a question of fact as to whether he was an accomplice and submitted the issue to the jury, defining an accomplice in the terms of Article 70, Vernon's Ann. Penal Code. There is no evidence in the case by which the jury might have found him an accomplice under this definition. Distinguishment must be made between an accomplice guilty of an offense, as defined under Article 70 P. C., and one who because of his conduct becomes an accessory under Article 77 of the Penal Code. Both are accomplice witnesses as a matter of law under Article 718, C. C. P.

If there were any question in the instant case about what the witness did, after the crime was committed, in aiding appellant to evade arrest, a question of fact should then have been submitted to the jury under appropriate charge, taking into consideration the definition of an accessory as found in Article 77, P. C. The word "accomplice" as used in Article 718, Vernon's Ann. C. C. P., has a different meaning from its technical use as defined in Article 70, Vernon's P. C. As used in Article 718, C. C. P., it includes principals, accessories, and persons who are particeps criminis. It means a person who, either as principal, accomplice, or accessory, is connected with a crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense. It is not necessary even that he be present and participate in the crime. Phillips v. State, 17 Tex. App., 169; Harrison v. State, 17 Tex. App. 442; see also Article 718, Vernon's Ann. C. C. P. and citations under Note 3.

In Orr v. State, 61 S. W. (2d) 490, this court said: "It has been held that under the foregoing definition (Article 77, Penal Code) it is not essential that the aid rendered to the criminal

shall be of a character to enable the criminal to effect his personal escape or concealment, but it is sufficient if it enables him to elude present arrest and prosecution * * * The same authorities support the proposition that, if one's conduct is such as to characterize him as an accessory, he is an accomplice witness as a matter of law."

A very similar case to the one now under consideration is Turner v. State, 37 S. W. (2d) 747. Without quoting at length from this opinion, it is sufficient to say that the question now before us was definitely passed on in the Turner case, which sustains the contention of appellant in the instant case. It was held that the testimony of an accessory must be tested by the rule applicable to accomplice witnesses as defined by Article 718, C. C. P.

It is commendable that a witness who has made himself an accessory after the fact should recant and desire to come into court and tell the true facts; but it is, nevertheless, a well established rule of law, based upon long experience and sound reasoning, that his evidence should be corroborated in order to support a conviction. Littles v. State, 14 S. W. (2d) 853. We know of no authority holding to the contrary.

The State's Attorney has filed a brief in this case in which he concurs in the foregoing expressions. We approve his position and, accordingly, reverse the case and remand the same for another trial.