CARLOS ALVA, JR. V. STATE.

No. 29,908. June 28, 1958.

*L. Sanborn McDowell,* Floresville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, fifty years.

Appellant, Tanislao Alcorta, Ysidro Rivas, Jr., and several others who resided in San Antonio, attended a dance on the night in question at Yndo Park which is located about ten miles west of Floresville. Alcorta and Rivas became involved in a controversy with several boys at the dance, and one of the boys pushed Rivas from the back while another struck at him with a knife and cut off his shirt. Appellant knew nothing of the difficulty until Alcorta and Rivas informed him shortly after it occurred. He then left and soon returned with a sawed-off .22 rifle. Afterwards he asked who the boys were that started the previous difficulty. His attention was directed toward some boys

standing in a group. Appellant raised and pointed the rifle toward them; Alcorta and Rivas told him not to shoot, but he fired the rifle and the deceased, standing with his back to the appellant, fell.

After the deceased was shot he was taken immediately to a hospital where a physician pronounced him dead upon arrival. The physician testified that he found only one small wound which was in the back about three inches above the tip of the shoulder blade to the left of the spine and it was apparently made by a small caliber bullet. He expressed the opinion that the bullet severed a main artery which caused him to bleed to death.

Appellant did not testify or offer any testimony in his behalf.

The evidence is sufficient to sustain the verdict of the jury.

Appellant's sole contention is that the evidence is insufficient to support the conviction because it rests upon the uncorroborated testimony of the witnesses Alcorta and Rivas who were accomplices as a matter of law.

The testimony shows that Alcorta and Rivas knew nothing about appellant having a rifle until he exhibited it at the time he asked about the boys who had started a difficulty. When his attention was directed to a group of boys he raised the rifle and pointed it toward them. At which time Alcorta told him three times and Rivas once, not to shoot. Alcorta and Rivas admitted that they were asked by the police shortly after the shooting and also several days later about the shooting and they denied knowing anything about who fired the rifle. Rivas admitted that while he was being detained shortly after the shooting that he ran away from the police. It was shown that about one week after the shooting they told the police what they knew about it. Each admitted his interest in the appellant and his desire to see him escape detection, Rivas saying that he did not want to be a stool pigeon as "things happen to them * * *."

The record reveals that the witnesses Alcorta and Rivas made no affirmative statement to the officers which would have exculpated appellant or raised an affirmative defense in his behalf, but shows that upon being questioned by the officers they falsely denied having any knowledge of the killing. The fact that the witnesses falsely denied having any knowledge of the crime would not of itself make such witnesses accomplices. Hence under the evidence said witnesses were not accomplices as a matter of law.

Tipton v. State, 126 Texas Cr. Rep. 439, 72 S.W. 2d 290; Franks v. State, 130 Texas Cr. Rep. 577, 95 S.W. 2d 128; 2 Branch, 2d Ed., p. 32, Sec. 731; 18 Texas Juris., 255 Sec. 156.

However, the court submitted for the determination of the jury the question of whether said witnesses were accomplices. The jury was instructed that if it found they were accomplices then to acquit appellant unless it further found that the testimony of Alcorta and Rivas was corroborated by other evidence connecting appellant with the offense charged, and also that one accomplice could not corroborate the testimony of another.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.