**Verna WADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35441.**

Court of Criminal Appeals of Texas.

March 20, 1963.

Rehearing Denied May 15, 1963.

Musslewhite & Hallmark, by R. C. Musslewhite, Lufkin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is offering a bribe to a juror; the punishment, 2 years.

One Thelma Whitaker was a member of a jury in a civil suit being tried in the District Court of Nacogdoches County with the Honorable James H. Moore presiding. During the course of the trial, Judge Moore declared a mistrial "because certain jury tampering had been going on" and immediately questioned each member of the jury separately as to whether anyone had

attempted to talk to them about the case. While discussing the matter with Mrs. Whitaker, he told her that it was her duty to tell him if anyone had contacted her about the case and that if such had occurred and she failed to tell him about it she might be an accomplice. She answered at that time that no one had said anything to her about the case and that she had not been contacted about it. She later gave as her reason for telling the judge an untruth that "one of my best friends was involved and I was trying to protect her."

Sometime lated that day, Mrs. Whitaker returned to the judge's chambers and told him "that I hadn't told him the truth the first time," and the judge advised her that the grand jury would probably want to talk to her about the matter. When the grand jury convened, Mrs. Whitaker identified appellant as being the person who had offered her a bribe. On the same evening after Mrs. Whitaker was advised by the judge that a grand jury investigation would probably take place, she told appellant that she had reported the offer of the bribe to the judge but had not given him appellant's name and would not do so "unless she had to."

Suffice it to say that the State's case is made to depend upon the testimony of Mrs. Whitaker, and we are met at the outset with the question of whether Mrs. Whitaker was an accomplice witness whose testimony must be corroborated. Over proper objection, the trial court refused to submit the question of whether Mrs. Whitaker was an accomplice witness.

In construing Article 718, Vernon's Ann. C.C.P., which provides that a conviction may not be sustained upon the uncorroborated testimony of an accomplice, it has been said, "The point most often misunderstood by the bar is that the word 'accomplice' in the above statute has been held to mean 'principal, accomplice or accessory.' No matter what category the witness may fall into, the same degree of corroboration is required." *

Mere concealment of knowledge that the crime has been committed does not make the person having such knowledge an accomplice witness. Steen v. State, 131 Tex.Cr.R. 532, 100 S.W.2d 109.

The mere fact that a witness denied knowledge of the crime does not make him an accomplice witness. Tipton v. State, 126 Tex.Cr.R. 439, 72 S.W.2d 290; Cantu v. State, 141 Tex.Cr.R. 99, 135 S.W.2d 705; Alva v. State, 166 Tex.Cr.R. 450, 314 S.W. 2d 843; Franks v. State, 130 Tex.Cr.R. 577, 95 S.W.2d 128.

In other words, as stated in 24 Tex.Jur. 2d, Sec. 690, p. 312, the witness is not to be deemed an accomplice simply because he knew of the crime but failed to disclose it or even concealed it.

The facts before us here may be summarized.

1. The witness Whitaker did more than fail to disclose or conceal the attempt to bribe her. She falsely stated to the judge who was investigating the matter that no one had said anything to her about the case and did so for the purpose of protecting appellant from apprehension and prosecution.

2. After it was made known to her that a grand jury investigation was imminent, she informed appellant of such fact and that she would not disclose appellant's identity "unless she had to."

Littles v. State, 111 Tex.Cr.R. 500, 14 S. W.2d 853; McGoodwin v. State, 134 Tex. Cr.R. 231, 115 S.W.2d 634 and Martin v. State, 149 Tex.Cr.App. 226, 193 S.W.2d 219, support the conclusion that the above facts demonstrate that Mrs. Whitaker was an accomplice witness as a matter of law because of the aid which she gave appellant in avoiding apprehension even though such

* "The Law of Principals, Accomplices and Accessories," Vol. I, V.A.P.C., p. xiii.

aid was effective for only a short period of time. Parrish v. State, 134 Tex.Cr.R. 187, 114 S.W.2d 559.

Because of the failure of the trial judge to instruct the jury that the witness Whitaker was an accomplice witness whose testimony required corroboration, the judgment is reversed and the cause remanded.