**David Randall DILLARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44871.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Gerry O'Malley Walsh, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Erwin Ernst, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed the punishment at life.

David Dillard, the appellant, was sixteen years of age at the time of the homicide. The record reflects that in the early morning hours of a Sunday morning while he and Louis Teal were driving down the Eastex Freeway in Houston, Dillard shot and killed Marie Mitchell with a shotgun loaded with buckshot. The only apparent reason for the killing was his animosity toward the Negro race.

Louis Adrian Teal who was with Dillard at the time of the homicide testified that the cars were side by side when Dillard put the shotgun out of the window and shot the woman. He also testified that approximately fifteen minutes later that morning Dillard shot at two Negro men and hit one of them. Thereafter, the two took the shotgun and got into another car. Dillard then took Teal home.

Dillard testified that he and Teal were arrested in a parked car that they had stolen but they were able to get away. He also testified that he and Teal had been engaged in stealing cars, stripping them and selling the parts. He estimated that he had stolen twenty cars, then raised his estimate to one hundred cars stolen. He testified that on one occasion he saw one of his crowd shoot a Negro man and he, Dillard, laughed about it for some fifteen or twenty minutes. He denied killing Marie Mitchell.

In his first four grounds of error complaint is made about the proceedings wherein he was certified by the juvenile court to be tried as an adult. He contends that (1) the Court of Civil Appeals held the grand jury's indictment to be moot; (2) the juvenile court did not follow the statutory procedural steps before certifying him to be tried as an adult; (3) the juvenile court erred in failing to appoint a guardian ad litem for him, and (4) the grand jurors were not knowledgeable regarding a no bill and the possibility of remanding him to juvenile jurisdiction.

His contentions concerning the alleged errors in the proceedings where he was certified to be tried as an adult and the subsequent indictment were answered adversely to this same appellant in Dillard v. State, Tex.Cr.App., 477 S.W.2d 547, where he had been convicted for the murder of another Negro woman. There we discussed the proceedings in detail including his appeal to the Court of Civil Appeals in Dillard v. State, 439 S.W.2d 460 (Tex.Civ.

App. writ ref'd n. r. e.). There the Court held that "[t]he juvenile court had no further power to act," Id., at 462, because the appellant had become seventeen while the cases were pending.

We hold as we have previously held that an appeal in juvenile cases lies with the Court of Civil Appeals under Article 2338–1, Section 21, Vernon's Ann. Civ.St., not with this Court, and that when the Court of Civil Appeals held the case moot and set aside previous orders this did not void the order of certification by the juvenile court. See In re Garcia, Tex. Civ.App., 443 S.W.2d 594, and Dillard v. State, supra.

Appellant's first four grounds of error are overruled.

In the fifth ground of error it is contended that the court erred in refusing to give an instruction to the jury as follows:

"If a witness or witnesses have information pertinent to a criminal transaction and decides to suppress such information rather than to make timely disclosure of it, then under the law of this State, such a witness or witnesses is an accomplice witness. . . ."

The rest of the requested instruction is in the abstract and does not name those that he contends should be considered as accomplice witnesses.[1]

He is apparently referring to the witnesses Hobbs and McDaniel who waited some weeks after knowing about the crime before they informed the officers that the appellant had told them about the homicide in question and the shooting of others. These two witnesses testified that they did not participate in the killing in question.

Assuming arguendo that the requested instruction is sufficient to raise the issue, this contention will be discussed.

1. The court instructed the jury that Teal was an accomplice witness.

The applicable rule is found in 24 Tex. Jur.2d, Evidence, Section 690, page 312:

"The mere fact that the witness was present when the crime was committed does not compel the conclusion that he was an accomplice of the accused. Nor is the witness to be deemed an accomplice simply because he knew of the crime, but failed to disclose or even concealed it."

In Wade v. State, Tex.Cr.App., 367 S. W.2d 337, the Court applied this rule and further noted, "The mere fact that a witness denied knowledge of the crime does not make him an accomplice witness."

Where a witness has given false information, not merely a denial of knowledge of the crime, in an effort to prevent a person who has committed an offense from being apprehended, a different question is presented. E. g. Martin v. State, 149 Tex. Cr.R. 226, 193 S.W.2d 219, and the cases there cited.

In the present case we have only an example of non disclosure. The witnesses were not accomplices under our rules. The court did not err in refusing the requested instruction.

No reversible error has been shown. The judgment is affirmed.

ODOM, J., not participating.

MORRISON, Judge (concurring).

While I thoroughly concur with Judge Douglas' opinion, I have concluded that these few observations need to be added concerning the test for determining whether one who remains silent about his knowledge of a crime is an accomplice.

In regard to such a determination, this Court has distinguished mere silence or concealment of a crime from overt behavior calculated to aid the defendant to evade arrest or escape prosecution or punishment.

In Tipton v. State, 126 Tex.Cr.R. 439, 72 S.W.2d 290, this Court concluded that the mere fact that a witness falsely denied having knowledge of a crime did not alone render him an accomplice and discussed its prior holding in Littles v. State, 111 Tex. Cr.R. 500, 14 S.W.2d 853, stating:

". . . . In each of the cases cited by appellant it was shown that the witness affirmatively aided the one who had committed the offense to evade arrest or escape prosecution or punishment. For example, in Littles' Case, the witness, upon first being questioned concerning the homicide, made false declarations to the officers favorable to the accused. . . ."

In Wade v. State, Tex.Cr.App., 367 S.W.2d 337, we explained the rule more fully in this manner:

"Mere concealment of knowledge that the crime has been committed does not make the person having such knowledge an accomplice witness. Steen v. State, 100 S.W.2d 109."

\* \* \* \* \* \*

"The facts before us here may be summarized."

\* \* \* \* \* \*

"The witness Whitaker did more than fail to disclose or conceal the attempt to bribe her. She falsely stated to the judge who was investigating the matter that no one had said anything to her about the case and did so for the purpose of protecting appellant from apprehension and prosecution."

Still later in Curry v. State, Tex.Cr.App., 468 S.W.2d 455, we said:

"The fact that she made no report of his brutalizing the child could not make her an accessory, so as to become an accomplice witness, as she was not shown to have been questioned by officers and then to have given false answers."

In the case at bar there was no showing that the witnesses Hobbs and McDaniels

had been questioned by anyone in authority and answered falsely about their knowledge of the crimes in an attempt to aid the defendant evade arrest or escape prosecution or punishment.

I concur in the affirmance of this case.